UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 09-21850-Civ-COOKE/TURNOFF

FELIX WAJNSTAT,

    Plaintiff

vs.

OCEANIA CRUISES, INC.,

    Defendant.

_____/

**OMNIBUS ORDER ON MOTIONS TO STRIKE**

THIS MATTER is before me on the Plaintiff's Objections to Evidence (ECF No. 61), which I have construed as a Motion to Strike, and Defendant's Motion to Strike (ECF No. 65). I have reviewed the arguments, the record, and the relevant legal authorities. For the reasons provided, both motions are denied.

Rule 56(c)(4) of the Federal Rules of Civil Procedure provides that "[a]n affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." A motion to strike an affidavit or declaration should be granted "only in extreme circumstances." *Inter-Tel, Inc. v. West Coast Aircraft Eng'g, Inc*., No. 04-02224, 2006 WL 3147658, at *4 (M.D. Fla. Nov. 1, 2006). "[A]n affidavit must be stricken when it is a conclusory argument, rather than a statement of fact, or when the affidavit is not based on personal knowledge." *Pashoian v. GTE Directories*, 208 F. Supp. 2d 1293, 1297 (M.D. Fla. 2002). An affidavit "based on nothing more than information and belief" is insufficient to survive a motion to strike. *Id.* "The general rule is that inadmissible hearsay cannot be

considered on a motion for summary judgment." *Macuba v. Deboer*, 193 F.3d 1316, 1322 (11th Cir. 1999) (internal quotations omitted).  However, "a district court may consider a hearsay statement in passing on a motion for summary judgment if the statement could be reduced to admissible evidence at trial or reduced to admissible form." *Id*. at 1323 (internal quotations omitted).

Plaintiff moves to strike the Declaration of Dr. Carlos Gonzalez, which Defendant attached as an exhibit in support of its Motion for Partial Summary Judgment (ECF No. 55-13), on several grounds, including hearsay, lack of foundation, and lack of personal knowledge. Defendant moves to strike Plaintiff's Motion to Strike on the ground that Plaintiff does not raise any valid objections.  I will deny both motions to strike.

Dr. Gonzalez avers in his declaration that he is the President of the Maritime Medical Enterprises, Inc. ("MME").  Gonzalez Decl. ¶ 1.  He avers that he is authorized to make a declaration on behalf of MME.  *Id*. ¶ 2.  He states that Oceania retained MME to select qualified physicians and nurses to work onboard Oceania ships.  *Id*. ¶ 9.  As part of the agreement, MME agreed to screen the candidates to ensure they met or exceeded certain guidelines.  *Id*.  Dr. Gonzalez further states that as part of his role as President, he reviewed Dr. Lidstromer's applications.  *Id*.  He notes that he is aware that Oceania produced documents regarding Dr. Lidstromer as part of this lawsuit.  *Id*. ¶ 12.  He states that, before MME hired Dr. Lidstromer, he personally reviewed the physician's credentials and interviewed him, and determined that he met applicable guidelines.  *Id*.  Dr. Gonzalez explains that Oceania delegated responsibility for screening medical personnel to MME, and MME did not have to provide Oceania with the documents it considered in hiring Dr. Lidstromer.  *Id*. ¶ 13.  Dr. Gonzalez clearly notes that he personally screened Dr. Lidstromer and states each step taken as part of the hiring process.  *Id*. ¶

14. He states that, after he conducted this review, he spoke with Oceania about Dr. Lidstromer and informed them that he met all applicable guidelines. *Id*. Oceania subsequently hired Dr. Lidstromer. *Id.* Finally, Dr. Gonzalez states that MME never received complaints about Dr. Lidstromer's qualification or performance. *Id*. ¶ 15.

Dr. Gonzalez's declaration is entirely unrelated to the Defendant's Motion for Partial Summary Judgment, which seeks summary judgment on the issue of whether a limitation of liability provision referencing the Athens Convention in Defendant's Terms and Conditions of Contract of Carriage is enforceable. Dr. Gonzalez's declaration relates to the merits of the case, which are not at issue in Defendant's Motion for Partial Summary Judgment. I therefore decline to consider the merits of Plaintiff's motion to strike at this time. *Cf. Lerman v. Xentel, Inc*., No. 08-62077, 2009 WL 4632881, at *1 n.4 (S.D. Fla. Dec. 2, 2009) (declining to strike statement in affidavit where statement was "not relevant or in any way at issue" in the court's consideration of a motion for summary judgment).

Accordingly, it is **ORDERED and ADJUDGED** that Plaintiff's Objections to Evidence (ECF No. 61), which I have construed as a Motion to Strike, is **DENIED** *without prejudice*. Defendant's Motion to Strike (ECF No. 65) is **DENIED**.

**DONE and ORDERED** in Chambers at Miami, Florida, this 14th day of July 2011.

_____
MARCIA G. COOKE
United States District Judge

Copies provided to:
*William C. Turnoff, U.S. Magistrate Judge*
*Counsel of record*

3